# Angela Lipscomb

| | |
|---|---|
| **From:** | Angela Lipscomb |
| **Sent:** | Monday, November 02, 2015 2:33 PM |
| **To:** | 'James (Jim) M. Simpson' |
| **Cc:** | 'qbyrum@hurstlaw.org'; 'Tiffini C. Evans'; Linda Graves (linda@hurstlaw.org) |
| **Subject:** | RE: Oaklawn |
| **Importance:** | High |

Jim,

I have not been able to reach you and our response is due today. I just called you and your assistant again. Are you available to discuss? I would like to confer before filing our motion and response.

Thanks,
Angela

---

**From:** Angela Lipscomb
**Sent:** Wednesday, October 28, 2015 10:50 AM
**To:** 'James (Jim) M. Simpson'
**Cc:** qbyrum@hurstlaw.org; Tiffini C. Evans
**Subject:** RE: Oaklawn

Jim,

You filed 2 motions based on what you perceive to be deficiencies with Hawk's disclosures. I assume you do not need more than a couple of minutes to identify those for me. Hawk cannot guarantee the Court will grant an extension nor does Hawk believe you are entitled to any more time to respond to Hawk's discovery. Our last response cited case law making crystal clear that Oaklawn's discovery obligations are independent of Hawk's. Oaklawn cannot wholly refuse to participate in discovery because it unilaterally believes Hawk has not properly complied with Rule 26. I can make myself available by phone this evening when you are out of court. If you will agree to respond to Hawk's discovery, we will not file the response and motion to compel. If not, we will proceed and will be asking the Court to deem all of Oaklawn's objections waived.

Thank you,
Angela

---

**From:** James (Jim) M. Simpson [mailto:Simpson@fridayfirm.com]
**Sent:** Wednesday, October 28, 2015 10:18 AM
**To:** Angela Lipscomb
**Cc:** qbyrum@hurstlaw.org; Tiffini C. Evans
**Subject:** Re: Oaklawn

Since I am unable to deal with this while in trial, we will gladly grant you a reasonable extension.

Sent from my iPad

On Oct 28, 2015, at 9:12 AM, Angela Lipscomb <ALipscomb@lebfirm.com> wrote:

1

**EXHIBIT "A"**

When can you speak as our response to your motion is coming due in a couple days. Neither Q nor I spoke to you re: the motion to quash you filed on Oct. 16. Indeed, we have not spoken since we amended our initial disclosures so I do not understand how you can say we conferred. Please advise.

---

**From:** James (Jim) M. Simpson [mailto:Simpson@fridayfirm.com]
**Sent:** Wednesday, October 28, 2015 10:10 AM
**To:** Angela Lipscomb
**Cc:** qbyrum@hurstlaw.org; Tiffini C. Evans
**Subject:** Re: Oaklawn

I am in trial and will respond to you as soon as I can. Yes, we are willing to talk with you. You are incorrect that we ignored meet and confer requirements.

Sent from my iPad

On Oct 28, 2015, at 8:58 AM, Angela Lipscomb <ALipscomb@lebfirm.com> wrote:

> James,
>
> We are preparing to respond to your motion to quash Plaintiff's subpoena. You state in the motion that you conferred with Hawk – that statement is not true. Indeed, Hawk was unaware that this motion was being filed. You have continuously ignored your duty to meet and confer in this case. We will bring this up to the Court and will be seeking fees incurred in responding to motions that may have otherwise been avoided. Indeed, that is the purpose of the meet and confer rule.
>
> Further, your client's duty to respond to discovery is <u>independent</u> from Plaintiff's. In other words, whether or not you deem our disclosures sufficient does not give your client the right to refuse to ignore its independent discovery obligations. We will be moving to compel. As the motion for protective order was not granted prior to the deadline for your responses, we will be asking the Court to deem all objections waived. We responded to your requests for admissions and are not going to engage in these games.
>
> Before we file our motion to compel and respond to your motion to quash, I request that you specifically identify why you believe Hawk's initial disclosures are insufficient. You have a copy of our claim chart which specifies our basis for alleging your client is infringing. Accordingly, your claim that you cannot tell what Hawk is alleging is disingenuous.
>
> If I do not hear from you, I will assume you are further refusing to discuss these issues with me in good faith and will indeed bring such to the Court's attention.
>
> Thank you,
> Angela
>
>
> **Angela M. Lipscomb, Esq.**
> **LIPSCOMB, EISENBERG & BAKER, PL**
> 2 South Biscayne Boulevard, Penthouse 3800

Miami, Florida 33131
Telephone: 786.431.2228 (Main)
Telephone: 786.431.2234 (Direct Line)
Facsimile: 786.431.2229
Email: ALipscomb@lebfirm.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment