

James M. Simpson | Attorney
Direct: (501) 370-1520
Fax: (501) 376-2147
E-mail: simpson@fridayfirm.com

400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
www.FridayFirm.com

August 16, 2016

**VIA EMAIL**
David A. Bailey
ANDRADE & BAILEY, P.L.L.C.
1701 Gateway Boulevard, Suite 333
Richardson, Texas 75080
Email: dbailey@lodb.net

      Re:  Hawk Technology Systems, LLC v. Oaklawn Jockey Club, Inc., United States District Court Western District of Arkansas, 6:15-CV-06037 (PKH)

Dear David:

On August 1, 2016, we sent a letter to you asking that you identify by production number which documents correspond to each category of Rule 3-2. You responded on August 1st, stating you would take a look, make any necessary corrections, and re-produce the documents. Please let us hear from you on when we can expect to receive the re-production.

Also, it appears that Hawk has not produced a file history for the '342 Patent. Will you please produce a file history for the '342 Patent as soon as possible?

Lastly, in reviewing the infringement contentions and claims chart produced by Hawk, it is Oaklawn's position that Hawk has failed to meet the following requirements of the Local Patent Rules adopted by the Court in this matter:

- Hawk fails to identify each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") allegedly used by Oaklawn, as specifically as possible. L.P.R. 3-1(b). The claim chart only makes high-level generalities about an "Endura system," which can apparently be made up of a combination of any number of different apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

- In its claim chart, Hawk fails to identify specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(b), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. L.P.R. 3-1(c). The chart appears to combine qualities or components of a number of different apparatuses, products, devices, processes, methods, acts, or other

August 16, 2016
Page 2

> instrumentalities. As such, it fails to identify where each limitation of each asserted claim is found within any one accused instrumentality.
>
> - Hawk fails to specify whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality. L.P.R. 3-1(e).
>
> - Hawk fails to identify, for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled. L.P.R. 3-1(f).

Please let me know when you are available to have a telephone conference to discuss these matters and see whether we can reach a resolution without Court involvement.

Yours truly,

*tbzj, for:*

James M. Simpson

JMS/tce
CC:  Q. Byrum Hurst  qbyrum@hurstlaw.org
     Joshua Hurst  joshhurst20@yahoo.com

Exhibit D